UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAN DONG DONG JIN GARMENT CO. LTD, <br><br> Plaintiff, <br><br> v. <br><br> KIK FASHIONS INC., ES & G TRADING INC., and LAWRENCE GOLDFARB, <br><br> Defendants | 11 Civ. 2650 (LBS) <br><br> **MEMORANDUM & ORDER** |

SAND, J.

Plaintiff Dan Dong Dong Jin Garment Co. Ltd ("Dan Dong") has moved the court for an entry of judgment against Defendants KIK Fashions, Inc. ("KIK") and Lawrence Goldfarb ("Goldfarb"). This motion is granted, for the reasons set forth below.

### I.     Discussion

Dan Dong is a Chinese garment manufacturer. KIK is a garment wholesaler in New York City. Defendant Goldfarb is an officer of KIK. Between September and December 2010, Dan Dong sent three shipments of garments, worth $249,835.20, to KIK and to another New York garment manufacturer, ES&G Trading Inc. ("ES&G"). Settlement Agreement (Dkt #9) at 1. Dan Dong never received payment for the garments from KIK or ES&G, despite Goldfarb's personal guarantee of payment. *Id.* On April 19, 2011, Dan Dong filed suit against KIK, Goldfarb and ES&G claiming breach of contract and fraud under New York law. On November 30, 2011, KIK and Goldfarb signed a settlement agreement in which they agreed to pay Dan Dong $200,000 in satisfaction of its claims against them. The agreement required Defendants to pay the $200,000 in 13 installments, beginning with a payment of $7,500 on or before December 15, 2011, and continuing with a payment of the same size a month later. *Id.* ¶ 2.

1

KIK Fashions and Goldfarb made the first payment, but failed to make any of the additional payments required by the settlement agreement. Declaration of Robert K. Erlanger ("Erlanger Decl.") (Dkt #12) ¶3. In response, on March 26, 2012, Dan Dong moved the Court to enforce judgment against KIK and Goldfarb, pursuant to the default provision in the settlement agreement, which provides that, in the event of a default, "each defendant confesses judgment as provided in the attached Affidavit of Entry of Judgment." Settlement Agreement ¶ 4. The Affidavit of Entry of Judgment ("Affidavit") in turn provides that, in the event of a default, Dan Dong is authorized "to have judgment entered against each defendant" in the amount of "$249,835.20 . . . less any amounts paid under the settlement agreement . . . with interest to be applied to the balance from December 15, 2011 at the rate applied to New York State judgments." Affidavit of Entry of Judgment (Dkt #10) ¶¶ 3, 7.

Neither KIK nor Goldfarb provide any argument why this provision of the settlement agreement should not be enforced as Dan Dong requests. Under New York law, which governs the interpretation of the settlement agreement, *see* Settlement Agreement ¶ 12, contracts "must be interpreted according to the parties' intent." *Crane Co. v. Coltec Indus., Inc.*, 171 F.3d 733, 737 (2d Cir. 1999). Courts will "give effect to the intention of the parties as expressed in the unequivocal language they have employed" in the contract. *British Int'l Ins. Co. v. Seguros la Republica*, S.A., 342 F.3d 78, 82 (2d Cir. 2003) (quoting *Cruden v. Bank of N.Y.,* 957 F.2d 961, 976 (2d Cir. 1992)).

In this case, we find the language authorizing the entry of judgment after default to be unequivocal evidence of the parties' intent. We accordingly grant Plaintiff's motion for entry of judgment against Goldfarb and KIK. We do not, however, enter judgment against KIK and Goldfarb in the amount that Dan Dong requests.

Dan Dong argues that the language in the Affidavit authorizing the entry of judgment "against each defendant" equal to the total amount of Dan Dong's losses as a result of the breach means that judgment may be entered against each of the defendants individually, for the total amount.  It thus requests an entry of judgment in the amount of $253,635.20, plus interest, against *both* KIK and Goldfarb—or, in other words, a total default payment to it of over $507,000.  Erlanger Decl. ¶ 1. Were we to grant this request, Dan Dong would receive a default payment that far exceeds the actual damages it suffered as a result of defendants' breach.  Under New York law, default provisions that require the payment of a sum of money that is plainly or grossly disproportionate to the damages that a party actually sustained are considered penalties and cannot be enforced. *JMD Holding Corp. v. Cong. Fin. Corp.*, 828 N.E.2d 604, 609 (N.Y. 2005).

It is a general rule of contract interpretation that "a contract should not be interpreted so as to render a clause superfluous or meaningless." *Galli v. Metz*, 973 F.2d 145, 149 (2d Cir.1992).  Rather than interpret one of the key provisions of the settlement agreement in a way that renders it unenforceable, and therefore meaningless, we therefore interpret the ambiguous language in this portion of the Affidavit to instead mean that, in the event of default, each of the two defendants who are parties to the settlement agreement will be held jointly and severally, rather than individually, liable for the total amount of damages set forth in the agreement.

Accordingly, we grant Dan Dong's motion for the entry of judgment against KIK and Goldfarb, but hold the two defendants' jointly and severally, rather than individually, liable for the default payment of $253,635.20.  This amount includes the $249,835.20 in damages that Dan Dong suffered from Defendants' breach, minus the $7500 already paid.  It also includes Dan Dong's attorneys' fees and costs, prior to November 30, 2011, of $9,940, as well as the $1,360

expended to enforce the agreement. Erlanger Decl. ¶¶ 8, 9. Pursuant to the terms of the Affidavit, we also order that interest on this judgment be applied from December 15, 2011 at the rate of 9% set forth in N.Y. C.P.L.R. § 5004.

## II.   Conclusion

For the reasons set forth above, it is ordered and adjudged that plaintiff Dan Dong Dong Jin Garment Co. Ltd. shall recover the sum of $253,635.20 plus interest from Defendants KIK Fashions, Inc. and Lawrence Goldfarb, jointly and severally. It is further ordered that interest be calculated by the Clerk of the Court at a rate of nine percent per annum, from December 15, 2011 to the present.

SO ORDERED.

Dated: June 27, 2012
    New York, NY

_____
U.S.D.J.